Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue, Suite 660
Spokane, WA  99201
(509) 413-1494 Telephone
(509) 413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN DALEY, an individual, on behalf of himself and all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>AVENUE5 RESIDENTIAL LLC, a Delaware corporation,<br><br>  Defendant. | Case No.:<br><br>COMPLAINT<br><br>(JURY DEMANDED) |

Plaintiff Ryan Daley, on behalf of himself and all others similarly situated, by and through his attorney, Kirk D. Miller of *Kirk D. Miller, P.S.*, allege the following:

I. COMPLAINT

1.1     This is an action for damages and remedies against AVENUE5 RESIDENTIAL LLC ("Avenue5"), pursuant to the Washington Residential Landlord-Tenant Act (RCW 59.18, *et seq.*)

COMPLAINT - 1

## II. JURISDICTION & VENUE

2.1  Jurisdiction of this Court arises under 28 U.S.C. § 1332.

2.2  Defendant is a citizen of Delaware State.

2.3  Plaintiff is a citizen of Washington State.

2.4  The matter in controversy is a putative class action which exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

2.5  Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.6  Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendant conducts affairs and transacts business in this District, and the unlawful acts giving rise to this Complaint occurred in this District.

## III. PARTIES

3.1  At all relevant times, Plaintiff Daley was a resident of the state of Washington, residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

3.2  Defendant Avenue5 is a Delaware corporation primarily engaged in the business of managing rental properties in Washington State and elsewhere.

COMPLAINT - 2

3.3 Defendant and its related, parent, and subsidiary corporations are a provider of services to residents, property owners, and investors in the multifamily real estate industry.

3.4 Defendant is an owner, lessor, sublessor, or the designated representative of the owner, lessor, or sublessor, or an agent, resident manager, or a designated property manager for multiple dwelling units, or properties of which one or more dwelling units are a part, throughout the state of Washington and elsewhere.

3.5 Defendant is a "Landlord" as defined by RCW 59.18.030(14).

## IV. FACTS

4.1 In 2018, Plaintiff Daley applied to rent a unit at the River House apartment complex, located on East Indiana Avenue in Spokane, Washington.

4.2 The River House apartments are owned or managed by Defendant Avenue5.

4.3 Defendant obtains a tenant screening report on all prospective Washington tenants, who are over the age of eighteen, including Plaintiffs.

COMPLAINT - 3

4.4 All prospective tenants in the state of Washington, who are over the age of eighteen, are required to pay a tenant screening fee prior to renting a unit at any property Defendant owns or manages.

4.5 Defendant utilizes web-based Yardi Systems, Inc. with website design by RENT*Café*© to facilitate all online applications and tenant screening reports.

4.6 Defendant uses consumer reports to screen prospective tenants.

4.7 Prior to a prospective tenant being charged for a tenant screening fee, Defendant, either directly or through a Yardi Systems, Inc. website, provides standardized disclosures to all prospective tenants.

4.8 The tenant screening fee is non-refundable.

4.9 Defendant does not obtain consumer reports on prospective Washington tenants from more than one consumer reporting agency.

4.10 Defendant obtains consumer reports from Yardi Systems, Inc., which compiles consumer information obtained from other sources.

4.11 Defendant only obtained a consumer report from Yardi Systems, Inc. when deciding whether to accept Plaintiff's application.

4.12 Prior to obtaining information about a prospective tenant, Defendant does not provide any written or posted notice to prospective tenants

COMPLAINT - 4

regarding the name of the consumer reporting agency from which information will be obtained.

4.13 Prior to obtaining information about a prospective tenant, Defendant does not provide any written or posted notice to prospective tenants regarding the address of the consumer reporting agency from which information will be obtained.

4.14 Prior to obtaining information about a prospective tenant, Defendant does not provide any written or posted notice to prospective tenants regarding the prospective tenant's rights to obtain a free copy of the consumer report in the event of a denial or other adverse action.

4.15 Prior to obtaining information about a prospective tenant, Defendant does not provide any written or posted notice to prospective tenants regarding the prospective tenant's right to dispute the accuracy of information appearing in the consumer report.

4.16 After the screening is complete, prospective tenants are unable to find out through any medium which consumer reporting agency provided information to Defendant unless the rental application is denied or conditionally approved by Defendant.

4.17 For any prospective tenant, information contained in various consumer reports may be different.

COMPLAINT - 5

4.18  Defendant failed to provide the above-described disclosures to Plaintiff and to all members of the putative class.

V. VIOLATIONS OF WASHINGTON'S RESIDENTIAL LANDLORD-TENANT ACT (RLTA), RCW 59.18, *ET SEQ*.

5.1  In 2012, the Washington legislature found the following with respect to landlords' use of tenant screening reports:

> The legislature finds that residential landlords frequently use tenant screening reports in evaluating and selecting tenants for their rental properties. These tenant screening reports purchased from tenant screening companies may contain misleading, incomplete, or inaccurate information, such as information relating to eviction or other court records. It is challenging for tenants to dispute errors until after they apply for housing and are turned down, at which point lodging disputes are seldom worthwhile. The costs of tenant screening reports are paid by applicants. Therefore, applicants who apply for housing with multiple housing providers pay repeated screening fees for successive reports containing essentially the same information.

5.2  Prior to the tenant being charged any fee for a tenant screening report, Defendant was, at all times relevant to this action, required by RCW 59.18.257 to provide the name and address of the consumer reporting agency from which it will obtain information about the prospective tenant.

5.3  Prospective tenants may decide where they will apply to rent based on which consumer report will be used for screening.

COMPLAINT - 6

5.4   A prospective tenant who knows that derogatory information exists on one consumer report may choose not to waste the screening fee if another landlord utilizes the same report.

5.5   Alternatively, a prospective tenant may choose to apply with a prospective landlord because the prospective tenant knows that a particular consumer report contains no derogatory information.

5.6   Defendant's practice of failing to provide its source(s) of consumer information, prior to obtaining the prospective tenants' consumer information, frustrates a prospective tenant's ability to make informed decisions regarding where to apply for rental housing.

5.7   Defendant's practice of failing to disclose the name and address of the consumer reporting agency from which Defendant obtains information pertaining to prospective tenants violates RCW 59.18.257(1)(a)(iii).

5.8   Defendant's practice of failing to disclose that the prospective tenant may obtain a free copy of the consumer report in the event of a denial or other adverse action violates RCW 59.18.257(1)(a)(iii).

5.9   Defendant's practice of failing to disclose to prospective tenants their right to dispute the accuracy of information appearing in the consumer report violates RCW 59.18.257(1)(a)(iii).

COMPLAINT - 7

5.10 Landlords who violate RCW 59.18.257(1)(a) are prohibited from charging prospective tenants for tenant screening fees.

5.11 By failing to provide the required information prior to the Plaintiff and the members of the putative class being charged for tenant screening fees, Defendant violated RCW 15.18.257(1)(b).

5.12 By charging prohibited tenant screening fees, Defendant caused damage to the Plaintiff and others.

5.13 Defendant has required more than one thousand (>1,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process in the three (3) years preceding the filing of this action.

5.14 Defendant has required more than ten thousand (>10,000) prospective Washington tenants to pay a tenant screening fee, as a condition of its rental application process in the three (3) years preceding the filing of this action.

## VI. UNJUST ENRICHMENT

6.1 Defendant was prohibited pursuant RCW 59.18.257 from charging any prospective Washington tenant a fee for tenant screening.

COMPLAINT - 8

6.2 Defendant benefitted from receiving consumer reports and other useful information as a result of the prospective tenants paying the tenant screening fee.

6.3 Defendant was unjustly enriched by receiving the reports paid for by prospective tenants.

6.4 The value of the reports and information obtained by Defendant on each prospective tenant is equal to the amount paid by each tenant.

6.5 Defendant should not be allowed to retain the value it received via the illegal charges paid by the prospective tenants.

## VII. CLASS ALLEGATIONS

This action is brought on behalf of a class consisting of:

7.1 All persons;

7.2 Who applied to rent any property in Washington State;

7.3 Where the rental property, on the date of the application, was owned or managed by Defendant Avenue5, or where Defendant Avenue5 was a "landlord" of the property, as defined by RCW 59.18.030(14);

7.4 Who paid any tenant screening fee to Defendant or its affiliates.

7.5 For violations related to Defendant's failure to provide the required consumer reporting agency information, the right to dispute the accuracy of the consumer report, or the failure to disclose the tenants'

COMPLAINT - 9

right to receive a free copy of the report, the class period is three years prior to filing of this action, through the date that the class is certified;

7.6 Plaintiffs have the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.7 Plaintiff will fairly and adequately represent the interests of the class members. He is committed to vigorously litigating this matter.

7.8 Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this claim.

7.9 A class action is a superior method for the fair and efficient adjudication of this controversy.

7.10 Class-wide damages are essential to induce Defendant to comply with the law.

7.11 The interests of the class members in individually controlling the presentation of separate claims against the Defendants is small, because the amount of damages recoverable in an individual case under RCW 59.18.257 is relatively small.

7.12 Certification of a class pursuant to Fed. R. Civ. Pro 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, the class is comprised of a largely vulnerable population, and the

COMPLAINT - 10

amount of available damages for many of the class members may be relatively small. In the absence of a class action, a failure of justice will result.

7.13 Certification of a class pursuant to Fed. R. Civ. Pro. 23(b)(2) is also appropriate. Defendants acted on grounds generally applicable to the class, making declaratory relief appropriate with respect to the class as a whole.

## VIII. DEMAND

WHEREFORE, Plaintiff demands judgment as follows:

8.1 Actual damages in the amount paid for tenant screening by each prospective tenant class member;

8.2 Statutory damages of one hundred dollars ($100) per prospective tenant, pursuant to RCW 59.18.257(3);

8.3 Costs and reasonable attorney's fees pursuant to RCW 59.18.257(3);

8.4 Pre-judgment interest on all amounts paid by prospective tenants for tenant screening fees;

8.5 Post-judgment interest;

8.6 Declaratory judgment that Defendant's practices violate Washington's Residential Landlord-Tenant Act (RCW 59.18, et seq.); and

8.7 Such other and further relief as may be just and proper.

COMPLAINT - 11

DATED this 13th day of December, 2018.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT - 12